1  **ERICA K. ZUNKEL**
California Bar No. 229285
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3  San Diego, California 92101-5008
Telephone: (619) 234-8467
4  erica_zunkel@fd.org

5

Attorneys for Mr. Munoz-Camarena
6

7

8
                       UNITED STATES DISTRICT COURT
9
                    SOUTHERN DISTRICT OF CALIFORNIA
10
                       **(HONORABLE LARRY A. BURNS)**
11

12  UNITED STATES OF AMERICA,            )    CASE NO. 08CR2701-LAB
                                         )
13              Plaintiff,               )    DATE: September 22, 2008
                                         )    TIME: 2:00 p.m.
14  v.                                   )
                                         )
15                                       )    NOTICE OF MOTIONS AND MOTIONS TO:
    **EDUARDO MUNOZ-CAMARENA,**          )
16                                       )    1)    COMPEL DISCOVERY AND
               Defendant.                )          PRESERVE EVIDENCE; AND
17                                       )    2)    GRANT LEAVE TO FILE FURTHER
                                         )          MOTIONS.
18  _____ )

19  TO:    KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
           CAROLINE HAN, ASSISTANT UNITED STATES ATTORNEY:
20

21      PLEASE TAKE NOTICE that on September 22, 2008 at 2:00 p.m., or as soon thereafter as counsel

22  may be heard, defendant, Eduardo Munoz-Camarena, by and through his attorneys, Erica K. Zunkel and

23  Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

                                                                              08CR2701-LAB

1

**MOTIONS**

2        Defendant, Eduardo Munoz-Camarena, by and through his attorneys, Erica K. Zunkel and

3  Federal Defenders of San Diego, Inc., asks this Court pursuant to the United States Constitution, the Federal

4  Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules for an order to:

5        (1)    Compel Discovery and Preserve Evidence; and

6        (2)    Grant Leave to File Further Motions.

7        These motions are based upon the instant motions and notice of motions, the attached statement of

8  facts and memorandum of points and authorities, the files and records in the above-captioned matter, and

9  any and all other materials that may come to this Court's attention prior to or during the hearing of these

10 motions.

11                                    Respectfully submitted,

12

13 Dated: August 29, 2008          *s/ Erica K. Zunkel*
                                    **ERICA K. ZUNKEL**
                                    Federal Defenders of San Diego, Inc.
14                                  Attorneys for Mr. Munoz-Camarena
                                    erica_zunkel@fd.org

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **ERICA K. ZUNKEL**
California Bar No.  229285
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3  San Diego, California  92101-5008
Telephone:  (619) 234-8467
4  erica_zunkel@fd.org

5

Attorneys for Mr. Munoz-Camarena
6

7

8

UNITED STATES DISTRICT COURT
9

SOUTHERN DISTRICT OF CALIFORNIA
10

**(HONORABLE LARRY A. BURNS)**
11

| UNITED STATES OF AMERICA, | ) | CASE NO. 08CR2701-LAB |
|---|---|---|
| Plaintiff, | ) ) | DATE: September 12, 2008 |
| v. | ) ) | TIME:  2:00 p.m. |
| **EDUARDO MUNOZ-CAMARENA**, | ) ) ) | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS |
| Defendant. | ) ) | |

17

18                                          **I.**

19                          **STATEMENT OF FACTS**[1]

20          On July 30, 2008, Mr. Munoz was arrested by Border Patrol agents near the San Ysidro Port of Entry.

21  Mr. Munoz allegedly made statements to agents in the field and at the station post-*Miranda*.   The

22  government likely will attempt to introduce these statements at trial.

23          On August 13, 2008, an indictment was handed down charging Mr. Munoz with violating 8 U.S.C.

24  §1326 (a) and (b) (deported alien found in the United States).   These motions follow.

25  / / /

26  / / /

27

28          1. The following is based primarily  upon information supplied through Government discovery. Mr. Munoz does not stipulate to its accuracy and reserves the right to challenge it at future proceedings.

                                                                                08CR2701-LAB

1

## II.

2

## MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE

3      Mr. Munoz moves for the production of the following discovery. This request is not limited to those

4  items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody,

5  control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v.

6  Bryan, 868 F.2d 1032 (9th Cir. 1989).

7      To date, *defense counsel has received zero pages of discovery*. Mr. Munoz *specifically requests*

8  *production of a copy of the taped proceedings and any and all documents memorializing the deportation*

9  *proceeding allegedly held and any other proceedings that the Government intends to rely upon at trial*.

10  This request includes discovery of materials known to the Government attorney, as well as discovery of

11  materials which the Government attorney may become aware of through the exercise of due diligence. See

12  FED. R. CRIM. P. 16.

13      Mr. Munoz requests again that the Court order the Government to allow him the opportunity to

14  review his A-file in its entirety. First, the A-file contains documentation concerning his alleged deportation.

15  Part of Mr. Munoz defense may be that his underlying deportation was invalid. The documents in the A-file

16  would help illuminate the validity or futility of such a defense. For example, A-file documents typically

17  contain biographical information. Such information is essential to determining whether Mr. Munoz's

18  deportation was invalid.

19      Second, the Government will likely try to show at trial that a government officer searched the A-file

20  and did not find an application by Mr. Munoz for permission to enter the United States. Mr. Munoz

21  anticipates that the Government will attempt to admit a "Certificate of Non-Existence of Record" against

22  him,  arguing that if Mr. Munoz had ever applied for permission to enter the United States, such an

23  application would be found in the A-file and because such an application is not in the A-file, Mr. Munoz

24  must not have applied for permission to enter the United States.

25      Although the certificate might be admissible, the question of the thoroughness of the search

26  conducted by the Government of the A-file  is, and should be, open to cross-examination. United States v.

27  Sager, 227 F.3d 1138, 1145 (2000) (error not to allow jury to "grade the investigation."). Mr. Munoz should

28  be able to review his A-file in order to see whether any application for lawful admission exists. Moreover,

1  Mr. Munoz should also be able to verify whether other documents that would ordinarily be in the A-file are

2  "non-existent," or otherwise missing from his A-file.  Mr. Munoz may assert a defense that his application

3  for lawful entry was lost or otherwise misplaced by the Government.  He must be allowed the opportunity

4  to review his A-file and the manner in which it is being maintained by the Government in order to present

5  this defense.

6  　　　Pursuant to Rule 16, the Court can order the government to allow defense counsel to view his A-file.

7  Rule 16(e) states as follows:

8  　　　[U]pon a defendant's request, the government must permit the defendant to inspect and copy
   　　　or photograph books, papers, documents, data, photographs, tangible objects, buildings or
9  　　　places, or copies or portions of any of these items, if the item is within the government's
   　　　possession, custody, or control and (I) the item is material to preparing the defense; (ii) the
10 　　　government intends to use the item in its case-in-chief at trial[.]

11 As set forth above, the A-file and its contents undoubtedly will be a central piece of evidence at trial.  The

12 government likely will elicit evidence regarding the reliability of the A-file and what documents exist and

13 do not exist within the A-file.  Mr. Munoz has every right to challenge this evidence and only can do so after

14 his defense counsel has viewed the A-file.

15 　　　In addition, Mr. Munoz moves for the production of the following discovery:

16 　　　1.  **Mr. Munoz's Statements.**  The Government must disclose to Mr. Munoz all copies of any

17 written or recorded statements made by Mr. Munoz; the substance of any statements made by Mr. Munoz

18 which the Government intends to offer in evidence at trial; any response by Mr. Munoz to interrogation; the

19 substance of any oral statements which the Government intends to introduce at trial and any written

20 summaries of Mr. Munoz's oral statements contained in the handwritten notes of the Government agent; any

21 response to any Miranda warnings which may have been given to Mr. Munoz; as well as any other

22 statements attributed to Mr. Munoz. FED. R. CRIM. P. 16(a)(1)(A).  The Advisory Committee Notes and the

23 1991 amendments to Rule 16 make clear that the Government must reveal all Mr. Munoz's statements,

24 whether written or oral, regardless of whether the Government intends to make any use of those statements.

25 **Mr. Munoz specifically requests all audio and videotaped copies of his statements and any rough notes**

26 **taken pertaining to the substance of his statements.  Mr. Munoz also requests any handwritten**

27 **documents/notes relating to agents' communication with him before, during, and after the**

28 **interrogation.**

1    2. **Arrest Reports, Notes and Dispatch Tapes.**  Mr. Munoz also specifically requests the

2  Government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate

3  to the circumstances surrounding his arrest or any questioning.  This request includes, but is not limited to,

4  any rough notes, records, reports, transcripts or other documents in which statements of Mr. Munoz or any

5  other discoverable material is contained.  Such material is discoverable under FED. R. CRIM. P. 16(a)(1)(A)

6  and Brady v. Maryland, 373 U.S. 83 (1963).  The Government must produce arrest reports, investigator's

7  notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining

8  to Mr. Munoz.  See FED. R. CRIM. P. 16(a)(1)(B) and (c), FED. R. CRIM. P. 26.2 and 12(i).

9    3. **Brady Material**.  Mr. Munoz requests all documents, statements, agents' reports, and tangible

10  evidence favorable to Mr. Munoz on the issue of guilt and/or which affects the credibility of the

11  Government's witnesses and the Government's case.  Under Brady, impeachment as well as exculpatory

12  evidence falls within the definition of evidence favorable to the accused.  United States v. Bagley, 473 U.S.

13  667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

14    4. **Any Information That May Result in a Lower Sentence Under The Guidelines.**

15  Notwithstanding the advisory nature of the sentencing guidelines, the Government must produce this

16  information under Brady v. Maryland, 373 U.S. 83 (1963), because it is exculpatory and/or mitigating

17  evidence relevant to a possible future determination with respect to sentencing.

18    5. **Mr. Munoz's Prior Record.**  Mr. Munoz requests disclosure of his prior record.  FED. R. CRIM.

19  P. 16(a)(1)(B).

20    6. **Any Proposed 404(b) Evidence.**  Evidence of prior similar acts is discoverable under Fed. R.

21  Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b), "upon

22  request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the

23  general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at

24  trial.  Sufficient notice requires the government to "articulate precisely the evidential hypothesis by which

25  a fact of consequence may be inferred from the other acts evidence." United States v. Mehrmanesh, 689 F.2d

26  822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); see also United States v. Brooke, 4

27  F.3d 1480, 1483 (9th Cir. 1993) (reaffirming Mehrmanesh and reversing convictions).

28  / / /

1    This request includes any "TECS" records as well as any other record(s) of prior border crossings

2 (voluntary entries) that the Government intends to introduce at trial, whether in its case-in-chief, as

3 impeachment, or in its rebuttal case.  Although there is nothing intrinsically improper about prior border

4 crossings (except, as here, where there are allegations of undocumented status), they are nonetheless subject

5 to 404(b), as they are "other acts" evidence that the government must produce before trial.  United States

6 v. Vega, 188 F.3d 1150, 1154-1155 (9th Cir. 1999).

7    The defendant requests that such notice be given three weeks before trial to give the defense time

8 to adequately investigate and prepare for trial.

9    7. **Evidence Seized.**  Mr. Munoz requests production of evidence seized as a result of any search,

10 either warrantless or with a warrant.  FED. R. CRIM. P. 16(a)(1)(c).

11    8. **Request for Preservation of Evidence.**  Mr. Munoz specifically requests the preservation of all

12 physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the

13 Government and which relates to the arrest or the events leading to the arrest in this case.  This request

14 includes, but is not limited to, the results of any fingerprint analysis, Mr. Munoz's personal effects, and any

15 evidence seized from Mr. Munoz.

16    9. **Henthorn Material.**  Mr. Munoz requests that the Assistant United States Attorney ("AUSA")

17 assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved

18 in the present case for impeachment material.  See Kyles v. Whitley, 514 U.S. 419 (1995) (holding that "the

19 individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the

20 Government's behalf in the case, including the police"); United States v. Henthorn, 931 F.2d 29 (9th Cir.

21 1991); United States v. Jennings, 960 F.2d 1488 (9th Cir. 1992) (AUSA may not be ordered to personally

22 conduct examination of records; appropriate Government agency may review files and notify AUSA of

23 contents as long as AUSA makes the determination regarding material to be disclosed); United States v.

24 Herring, 83 F.3d 1120 (9th Cir. 1996) (accord).

25    10. **Tangible Objects.**  Mr. Munoz requests the opportunity to inspect, copy, and test, as necessary,

26 all other documents and tangible objects, including photographs, books, papers, documents,  fingerprint

27 analyses, or copies of portions thereof, which are material to the defense, intended for use in the

28 Government's case-in-chief, or were obtained from or belong to Mr. Munoz.  FED. R. CRIM. P. 16(a)(1)(c).

1 **Specifically, Mr. Munoz requests copies of the audio tapes of his alleged prior deportations or**

2 **removals.**

3      11. <u>**Expert Witnesses.**</u>  Mr. Munoz requests the name, qualifications, and a written summary of the

4 testimony of any person that the Government intends to call as an expert witness during its case in chief.

5 FED. R. CRIM. P. 16(a)(1)(E).  The defense requests the notice of expert testimony be provided at a minimum

6 of two weeks prior to trial so that the defense can properly prepare to address and respond to this testimony,

7 including obtaining its own expert and/or investigating the opinions, credentials of the Government's expert

8 and a hearing in advance of trial to determine the admissibility of qualifications of any expert.  <u>See</u> <u>Kumho</u>

9 <u>Tire Co., Ltd. v.  Carmichael</u>, 526 U.S. 137, 152 (1999) (trial judge is "gatekeeper" and must determine,

10 reliability and relevancy of expert testimony and such determinations may require "special briefing or other

11 proceedings").

12      12. <u>**Evidence of Bias or Motive to Lie.**</u>  Mr. Munoz requests any evidence that any prospective

13 Government witness is biased or prejudiced against Mr. Munoz, or has a motive to falsify or distort his or

14 her testimony.

15      13. <u>**Impeachment Evidence.**</u>  Mr. Munoz requests any evidence that any prospective Government

16 witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness

17 has made a statement favorable to Mr. Munoz.  <u>See</u> FED. R. EVID. 608, 609 and 613; <u>Brady v. Maryland</u>.

18      14. <u>**Evidence of Criminal Investigation of Any Government Witness.**</u>  Mr. Munoz requests any

19 evidence that any prospective witness is under investigation by federal, state or local authorities for any

20 criminal conduct.

21      15. <u>**Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling.**</u>

22 Mr. Munoz requests any evidence, including any medical or psychiatric report or evaluation, that tends to

23 show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired,

24 and any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an

25 alcoholic.

26      16. <u>**Witness Addresses.**</u>  Mr. Munoz requests the name and last known address of each prospective

27 Government witness.  Mr. Munoz also requests the name and last known address of every witness to the

28 / / /

08CR2701-LAB

1  crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called

2  as a Government witness.

3       17. **Name of Witnesses Favorable to Mr. Munoz.** Mr. Munoz requests the name of any witness

4  who made an arguably favorable statement concerning Mr. Munoz or who could not identify him or who

5  was unsure of his identity, or participation in the crime charged.

6       18. **Statements Relevant to the Defense.** Mr. Munoz requests disclosure of any statement relevant

7  to any possible defense or contention that he might assert in his defense.

8       19. **Jencks Act Material.** Mr. Munoz requests production in advance of trial of all material,

9  including dispatch tapes, which the Government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500.

10  Advance production will avoid the possibility of delay at trial to allow Mr. Munoz to investigate the Jencks

11  material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness'

12  interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). Campbell

13  v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991)

14  the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the

15  notes are then subject to the Jencks Act.

16       20. **Giglio Information  & Agreements Between the Government and Witnesses.** Pursuant to

17  Giglio v. United States, 405 U.S. 150 (1972), Mr. Munoz requests all statements and/or promises, express

18  or implied, made to any witness, in exchange for their testimony in this case, and all other information which

19  could be used for impeachment.

20       21. **Agreements Between the Government and Witnesses.** Mr. Munoz requests discovery

21  regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future

22  compensation, or any other kind of agreement, promise, or understanding, including any implicit

23  understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective

24  Government witness and the Government (federal, state and/or local). This request also includes any

25  discussion with a potential witness about or advice concerning any contemplated prosecution, or any

26  possible plea bargain, even if no bargain was made, or the advice not followed, and specifically includes any

27  discussion with a potential witness regarding that witness' immigration status and/or any affect that the

28  witness' statements or lack thereof might have on that status, including the granting or revoking of such

1 immigration status or any other immigration status, including but not limited to citizenship, nationality, a

2 green card, border crossing card, parole letter, or permission to remain in the United States.

3      22. **Informants and Cooperating Witnesses.**  Mr. Munoz requests disclosure of the names and

4 addresses of all informants or cooperating witnesses used or to be used in this case, and in particular,

5 disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime

6 charged against Mr. Munoz.  The Government must disclose the informant's identity and location, as well

7 as the existence of any other percipient witness unknown or unknowable to the defense.  Roviaro v. United

8 States, 353 U.S. 53, 61-62 (1957).  The Government must disclose any information derived from informants

9 which exculpates or tends to exculpate Mr. Munoz.  Brady v. Maryland, 373 U.S. 83 (1963)

10      23. **Bias by Informants or Cooperating Witnesses.**  Mr. Munoz requests disclosure of any

11 information indicating bias on the part of any informant or cooperating witness.  Giglio v. United States, 405

12 U.S. 150 (1972).  Such information includes, but is not limited to, any inducements, favors, payments or

13 threats that were made to the witness in order to secure cooperation with the authorities.

14      24. **Scientific and Other Information.**  Mr. Munoz requests the results of any scientific or other

15 tests or examinations conducted by any Government agency or their subcontractors in connection with this

16 case.  See Rule 16(a)(1)(D).

17      25. **Residual Request.**  Mr. Munoz intends by this discovery motion to invoke his rights to

18 discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution

19 and laws of the United States.  Mr. Munoz requests that the Government provide him and his attorney with

20 the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-

21 examination.

22                                              **III.**

23                      **MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**

24      Defense counsel has not received any discovery from the government. Mr. Munoz contemplates

25 further motions once discovery is received and reviewed with Mr. Munoz.  Therefore, counsel requests leave

26 to file additional motions.

27 / / /

28 / / /

1

**IV.**

2

**CONCLUSION**

3

For the foregoing reasons, Mr. Munoz respectfully requests that the Court grant the above motions.

4

Respectfully submitted,

5

6   Dated: August 29, 2008

*s/ Erica K. Zunkel*

**ERICA K. ZUNKEL**
Federal Defenders of San Diego, Inc.

7

Attorneys for Mr. Munoz
erica_zunkel@fd.org

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9                                           08CR2701-LAB

1 | **ERICA K. ZUNKEL**
California State Bar No. 229285
2 | **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3 | San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
4 | E-Mail: erica_zunkel@fd.org

5 | Attorneys for Eduardo Munoz-Camarena

6

7

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 | **(HONORABLE LARRY A. BURNS)**

11 | UNITED STATES OF AMERICA,                    )    Case No. 08CR2701-LAB
                                                  )
12 |                 Plaintiff,                    )
                                                  )
13 | v.                                            )    **CERTIFICATE OF SERVICE**
                                                  )
14 | EDUARDO MUNOZ-CAMARENA,                       )
                                                  )
15 |                 Defendant.                    )
    _____      )

16

17 |         Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of her

18 | information and belief, and that a copy of the foregoing document has been served this day upon:

19 | Caroline Pineda Han
Caroline.Han@usdoj.gov,efile.dkt.gc1@usdoj.gov,ginger.stacey@usdoj.gov

20

21 |                                                         Respectfully submitted,

22

23 | DATED:        August 29, 2008                   /s/ Erica K. Zunkel
                                                     **ERICA K. ZUNKEL**
24 |                                                  Federal Defenders of San Diego, Inc.
                                                     Attorneys for Eduardo Munoz-Camarena

25

26

27

28